IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID LOUIS AGUILAR, | § | |
| TDCJ-CID NO. 1435556, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-09-2944 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner David Louis Aguilar, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his felony conviction for aggravated robbery. (Docket Entry No.1). Respondent has filed a motion for summary judgment. (Docket Entry No.10). Petitioner has filed a response to the motion. (Docket Entry No.11). After considering all of the pleadings and the entire record, the Court will grant respondent's motion for summary judgment and dismiss this habeas petition.

I. BACKGROUND AND PROCEDURAL HISTORY

A jury in the 248th Criminal District Court of Harris County, Texas, heard the following evidence, as summarized in pertinent part by the First Court of Appeals for the State of Texas:

> Late in the evening of October 8, 2006, sixty-seven-year-old Michael Rivera was discarding recycling items into dumpsters in a church parking lot when Aguilar and Michael Rodriguez approached him. Aguilar asked Rivera if there was any food in the dumpsters. While Aguilar and Rivera were talking, Rodriguez got in Rivera's car and unsuccessfully attempted to start it. When Rivera realized what was happening, he got in the passenger side of the vehicle and tried to remove the keys from the ignition. When he could not get the keys out of the ignition, Rivera got back out of the car. Aguilar told Rivera to leave and punched Rivera in

1

>the eye when Rivera refused to do so. Rivera heard Aguilar tell the other man to "hurry up." After Aguilar threatened Rivera if he would not leave, Rivera ran away. He saw some men nearby and told them what happened. The men apprehended Rodriguez, while Rivera called the police. A police sergeant apprehended Aguilar after hearing his description over the radio. Rivera and one of the other men in the parking lot identified Aguilar as the man who tried to rob Rivera.

*Aguilar v. State*, 263 S.W.3d 430, 432 (Tex. App.–Houston [1st Dist.] 2008, pet ref'd) (footnotes omitted). The jury convicted petitioner of aggravated robbery in cause number 1088080. *Aguilar v. State*, No. 01-07-00415-CR, Clerk's Record, page 60. During the punishment hearing, the State presented evidence of petitioner's previous criminal convictions, which corresponded to the convictions alleged in the enhancement paragraphs in the indictment. *Id.*, Reporter's Record, Volume 4, pages 48-53. Thereafter, the jury assessed punishment at thirty years confinement in TDCJ-CID. *Id.*, page 111.

On direct appeal, petitioner complained that the evidence was legally and factually insufficient to support his conviction and the state district court erred in denying his request to instruct the jury on the lesser-included offense of assault. *Aguilar*, 263 S.W.3d at 432. The state intermediate appellate court affirmed the conviction. *Id.* at 437. The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. *Aguilar v. State*, P.D.R. No. 0857-08.

Petitioner sought state habeas relief from his conviction on the following grounds:

1. He was denied the effective assistance of counsel at trial because his trial counsel failed to investigate and subpoena his co-defendant, who was an eyewitness to the offense; and,

2. He was denied the effective assistance of counsel on appeal because his appellate counsel refused to investigate the ineffectiveness of trial counsel.

*Ex parte Aguilar*, Application No.WR-71,755-03, pages 2-35. The state district court, sitting as a habeas court, recommended that relief be denied and entered written findings. *Id.*, pages 65-68. The Texas Court of Criminal Appeals denied the application without a written order on the findings of the trial court without a hearing. *Id.* at action taken page.

In the pending petition, petitioner seeks federal habeas relief on the two grounds that he raised in his state habeas application and on the ground that he was denied due process in state habeas proceedings because the state habeas judge adopted the State's Proposed Findings of Fact and Conclusions of Law as her own. (Docket Entry No.1, pages 5-6).

Respondent moves for summary judgment on grounds that petitioner has failed to meet his burden of proof under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and his claims fail on the merits. (Docket Entry No.10).

## II. DISCUSSION

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in his petition for discretionary review and state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in his petition for discretionary review and his state habeas application have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact

under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)). Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers")).

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 2254 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

### A. Ineffective Assistance of Trial Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Ogan v. Cockrell*, 297 F.3d 349,

6

360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692). The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness. *Ogan*, 297 F.3d at 360. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993). Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 687-90. A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decisions on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner complains that he was denied the effective assistance of counsel at trial because his trial counsel did not investigate a co-defendant or subpoena him to testify for trial. (Docket Entry No.1). Respondent contends that petitioner has not rebutted the findings and conclusions of the state habeas courts as required by the AEDPA and that his claims fail on the merits. (Docket Entry No.10).

Counsel "has a duty to make a reasonable investigation of the defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997). To determine the reasonableness of counsel's decision to limit the scope of his investigation under prevailing professional norms, the Court analyzes such conduct as follows:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 690-91.

As with any ineffective assistance of counsel claim, the petitioner must prove that an alleged breach of his attorney's duty to investigate "resulted in an actual and substantial disadvantage to the course of his defense." *Baldwin v. Maggio*, 704 F.2d 1325, 1333 (5th Cir. 1983). "In order to satisfy the prejudice prong of *Strickland*, [a defendant] must show 'more than the mere possibility of a different outcome.' [He] must present 'evidence of sufficient quality and force to raise a reasonable probability that,' had it been presented to the jury, the outcome would have been different." *United States v. Drones*, 218 F.3d 496, 504 (5th Cir. 2000) (citations omitted).

Petitioner indicates that the State offered him fifteen years confinement if he entered a guilty plea but he declined the offer and proceeded to trial. (Docket Entry No.11). Petitioner states that he wanted the jury in his criminal trial to hear the testimony of his co-defendant so that they would know that the co-defendant had received a ten month sentence for his plea to the offense of aggravated robbery and that the co-defendant had refused to testify against petitioner even though the State has required such testimony as part of the co-defendant's plea deal. (*Id.*). Therefore, petitioner requested that his trial counsel subpoena the co-defendant to testify on petitioner's behalf in his criminal trial. (Docket Entries No.1, No.11). Petitioner indicates that co-defendant was available to testify at the time of the trial. (Docket Entry No.1).

Petitioner's trial counsel Jeff Hale testified by affidavit in state habeas proceedings to the following:

> [Co-defendant] Mr. Rodriguez entered his plea of guilty to the State Jail Felony of theft from a person on March 13, 2007. Through conversations with Mr. Rodriguez's attorney, I was aware that Mr. Rodriguez was likely to enter his plea on that date and had arranged to have the Applicant's court date set on the same day. I had spoken with Mr. Rodriguez's attorney regarding interviewing Mr. Rodriguez about the relevant fact. His attorney asked that I waited until Mr. Rodriguez's case was finally resolved.

9

> After Mr. Rodriguez entered his plea on March 13, 2007, I interviewed him in the holdover cell for the 183rd District Court. Mr. Rodriguez stated that he did not want to discuss the facts of his case with me. I explained to Mr. Rodriguez that because he had entered his plea, he no longer had a 5th Amendment privilege regarding testifying about his case. I further explained that I could subpoena him to testify and he could not refuse to so testify. Mr. Rodriguez shrugged and indicated that he did not want to testify and that he would not talk to me.
>
> On the same day, I explained to the Applicant Mr. Rodriguez's response. I further indicated that that, in my experience, if a person in Mr. Rodriguez's position were going to aid the Applicant, he would have readily indicated so. Because Mr. Rodriguez was hostile to even speaking to me, I feared that putting him on the stand could worsen and not help the Applicant.

*Ex parte Aguilar*, Application No.WR-71-755-03, pages 53-55.

The state habeas courts found Attorney Hale's affidavit to be credible. *Id.*, page 66. The state habeas courts further found that Hale investigated the co-defendant by talking with the applicant, reviewing the State's offense report, speaking with the co-defendant's attorney, and attempting to speak with the co-defendant with the consent of the co-defendant's attorney after the co-defendant entered his plea. *Id.* The state habeas courts found credible Hale's attestation that calling the co-defendant to testify would be bad strategy because Hale did not know what the co-defendant might testify to and because Hale believed that co-defendant's testimony might be harmful and not beneficial to petitioner. *Id.* The state habeas courts concluded that "[c]ounsel's decision not to call the co-defendant to testify was reasonable strategy." *Id.*

The Fifth Circuit has recognized, repeatedly, that a "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008) (quoting *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004)). Moreover, "[c]omplaints of uncalled witnesses are not favored, because the

presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981).

Petitioner presents nothing that would overcome the presumption that his trial counsel provided him with constitutionally effective assistance of counsel and nothing that would overcome the state habeas courts' findings that petitioner was afforded reasonably effective assistance of counsel at trial. Accordingly, respondent is entitled to summary judgment on this claim.

### B. Ineffective Assistance of Appellate Counsel

Petitioner contends that he was denied the effective assistance of counsel on direct appeal because his appellate counsel failed to challenge on appeal the alleged ineffective assistance of his trial counsel. (Docket Entry No.1). Respondent contends that petitioner has not rebutted the findings and conclusions of the state habeas courts as required by the AEDPA and that his claims fail on the merits. (Docket Entry No.10).

An accused is constitutionally entitled to effective assistance of counsel on direct appeal as a matter of right. *Evitts v. Lucey*, 469 U.S. 387 (1985). Claims of ineffective assistance of counsel are determined by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Smith v. Murray*, 477 U.S. 527 (1986). To establish that appellate counsel's performance was deficient in the context of an appeal, petitioner must first show that his attorney was objectively unreasonable in failing to find arguable issues to appeal, *i.e.*, counsel unreasonably failed to discover non-frivolous issues and raise them. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Petitioner must then demonstrate that he was actually prejudiced by his counsel's errors. *Id.* at 285-286; *see also Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). To

11

establish actual prejudice, petitioner must show a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on appeal." *Robbins*, 528 U.S. at 285.

The state habeas courts found that petitioner failed to show that his appellate counsel's omission on appeal of a claim of ineffective assistance of trial counsel fell outside the norms of professional judgment and that such omission was prejudicial. *Ex parte Aguilar*, Application No.WR-71,755-03, pages 66-67. The state habeas courts further found that petitioner received reasonably effective assistance of counsel at trial and on appeal. *Id.*, page 67.

The record supports the state habeas courts' findings. Petitioner's appellate counsel raised and argued several non-frivolous issues on direct appeal but he did not challenge the effectiveness of petitioner's trial counsel. The state habeas courts found that petitioner was afforded reasonably effective assistance of counsel at trial and petitioner has failed to rebut such findings. Likewise, he fails to rebut the state habeas courts' findings with respect to his appellate counsel's representation. Accordingly, respondent is entitled to summary judgment as a matter of law on this claim.

## C. Due Process

Petitioner complains that he was denied due process when the state district court, sitting as a habeas court, adopted the State's Proposed Findings of Fact and Conclusions of Law. (Docket Entry No.1). Petitioner indicates that the document adopted by the state habeas court was unauthorized because it did not have a signature identifying the person who drafted the document in violation of Texas law. (Docket Entry No.11).

"[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). Moreover, "[f]actual findings of the state court are presumed to be correct." *Gardner v. Johnson*, 247 F.3d 551, 557

(5th Cir. 2001). A federal habeas court must "defer to them unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Id.* (internal quotation marks omitted) (quoting *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000)). The Fifth Circuit has rejected the contention that habeas findings adopted verbatim from those submitted by the State are not entitled to deference. *See Nichols v. Scott*, 69 F.3d 1255, 1277 (5th Cir. 1995 ) (relying on *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 571 (1985), in which the Supreme Court stated that, "even when the trial judge adopts the proposed findings verbatim, the findings . . . may be reversed only if clearly erroneous"); *see also Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (denying certificate of appealability on due process challenge to state habeas court's verbatim adoption of district attorney's proposed findings of fact and conclusions of law).

Accordingly, respondent is entitled to summary judgment on this ground.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state proceedings, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.10) is GRANTED.

2. Petitioner's petition for federal habeas relief is DENIED.

3. A certificate of appealability is DENIED.

4. All other pending motions, if any, are DENIED.

5. This habeas action is DISMISSED with prejudice.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 27th day of August, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE